PROB 12C
(6/16)

Report Date: April 1, 2026

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2026

SEAN F. McAVOY, CLERK

### Eastern District of Washington

ECF No. 676

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ramiro Vera                    Case Number: 0980 4:19CR06018-EFS-7

Address of Offender: ███████████████████, Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: March 22, 2021

Original Offense: Conspiracy to Distribute 40 Grams or More of Fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) and 846

Original Sentence: Prison - 77 Months                    Type of Supervision: Supervised Release
TSR - 48 Months

Asst. U.S. Attorney: Stephanie A. Van Marter          Date Supervision Commenced: April 4, 2025

Defense Attorney: Zachary Lynn Ayers                  Date Supervision Expires: April 3, 2029

---

### PETITIONING THE COURT

To issue a warrant

On April 7, 2025, Mr. Ramiro Vera, signed his conditions relative to case number 4:19CR06018-EFS-7, indicating that he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |

**Supporting Evidence**: Mr. Vera is alleged to have violated mandatory condition number 1 by being arrested on March 15, 2026, for Driving Under the Influence, in violation of R.C.W. 46.61.502, a gross misdemeanor.

Specifically, on March 15, 2026, the undersigned officer received automated notification from Washington State Patrol (WSP) that the subject's name had been run by their agency. On March 16, 2026, the undersigned officer received a call from Mr. Vera who disclosed that he had been arrested on March 15, 2026, by WSP for the offense of driving under the influence.

Mr. Vera reported to the U.S. Probation Office on the day in question, and submitted to a urinalysis. The result of which proved presumptive positive for alcohol. Mr. Vera indicated that the day prior he had ingested approximately 4 ½ beers over the course of about 4 hours, clarifying that he had likely last ingested the substance around 5 p.m. Mr. Vera informed the

**Prob12C**
**Re: Vera, Ramiro**
**April 1, 2026**
**Page 2**

undersigned officer that he received a request from his significant other, to bring her medication to her place of employment, which he reluctantly agreed to do. Mr. Vera stated that it was during this favor, that he was stopped and arrested for driving under the influence. Mr. Vera does not possess a valid driver's license. Mr. Vera did indicate that he did not feel intoxicated, and in fact submitted to Breathalyzer testing following the arrest. The result of which verified that he was under the legal limit. Notwithstanding, this information, Mr. Vera was arrested and later released after processing.

During Mr. Vera's report to the U.S. Probation Office, he provided a copy of his issued citation, as well a formal disclosure of his Breathalyzer testing results, collected by authorities. The documentation verified infrared results of .057 and .055 and electrochemical results of .057 and .057.

On March 18 and 30, 2026, police reports were received relative to Mr. Vera's arrest. A review of the reports revealed that Mr. Vera had not been completely forthright with the undersigned officer, and documented collateral information obtained by WSP that Mr. Vera had in fact driven from the Tri-Cities area earlier in the day, with concerned citizens describing the vehicle as being unable to maintain its lane, improperly passing, and nearly causing collisions. One contact also identified children as being in the vehicle.

On March 31, 2026, Mr. Vera was again contacted and directed to report to the U.S. Probation Office. Mr. Vera reported as directed, and again provided a positive urinalysis for alcohol, advising that he had ingested a Mike's Hard Lemonade the night prior due to stress. Mr. Vera was confronted as to the information received by WSP. He initially indicated that it was his significant other who had driven the vehicle earlier in the day from Airway Heights, but he was subsequently forthcoming and admitted to having ingested about 4 ½ beers in the Tri-Cities on the day in question, and to then 30 minutes later, driving his significant other's children back to Spokane.

Mr. Vera is next scheduled to appear on this matter in state court on June 17, 2026, at 9 a.m.

**Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Vera is alleged to have violated mandatory condition number 3 by ingesting both methamphetamine and fentanyl, as previously occurring on or about February 20, 2026, based on his admission and urinalysis, respectively.

Specifically, on February 20, 2026, Mr. Vera reported to the U.S. Probation Office in Spokane to submit to urinalysis testing as directed. Prior to testing, Mr. Vera admitted that he had previously ingested methamphetamine on or about February 18, 2026, and he subsequently signed a drug use admission form. Mr. Vera's urinalysis sample appeared presumptive positive for amphetamine and methamphetamine, consistent with his admission, and fentanyl. Mr. Vera denied intentional use of fentanyl, and the sample was packaged and forwarded for laboratory testing.

Prob12C

**Re: Vera, Ramiro**
**April 1, 2026**
**Page 3**

On March 2, 2026, the lab confirmed and reported Mr. Vera's urinalysis sample as being positive for norfentanyl.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  ___April 1, 2026___

___s/Chris Heinen___

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[ ]  Defendant to appear before the Magistrate Judge.
[ ]  Other

___Edward F. Shea___
Signature of Judicial Officer

___April 4, 2026___
Date