PROB 12C
(6/16)

Report Date:  June 18, 2026

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jun 25, 2026**

SEAN F. McAVOY, CLERK

ECF No. 700

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ramiro Vera    Case Number: 0980 4:19CR06018-EFS-7

Address of Offender: ██████████████    Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: March 22, 2021

Original Offense:    Conspiracy to Distribute 40 Grams or More of Fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) and 846

Original Sentence:    Prison - 77 Months    Type of Supervision: Supervised Release
TSR - 48 Months

Asst. U.S. Attorney:    Earl Allan Hicks    Date Supervision Commenced: April 4, 2025

Defense Attorney:    Carter Liam Powers Beggs    Date Supervision Expires: April 3, 2029

---

### PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 04/01/2026.

On April 7, 2025, Mr. Ramiro Vera, signed his conditions relative to case number 4:19CR06018-EFS-7, indicating that he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
3 | **Standard Condition #3**:You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Supporting Evidence**: Mr. Vera is alleged to have violated standard condition number 3, by traveling into the District of Idaho without permission on or about June 9, 2026, based on law enforcement report and the subject's subsequent admission of such conduct.

Specifically, on June 9, 2026, the undersigned officer was contacted by a trooper with the Idaho State Patrol, who indicated that they had just conducted a stop on a vehicle registered to Mr. Vera, that contained both Mr. Vera as the passenger, and his significant other who was driving. It should be noted that Mr. Vera had not previously reported the vehicle in question to the U.S. Probation Office. The trooper described the stop as having occurred in the area of Northwest Boulevard and Seltice Way, in Coeur d'Alene, Idaho. The trooper further identified a number of concerning circumstances arising during his contact with the

**Prob12C**
**Re: Vera, Ramiro**
**June 18, 2026**
**Page 2**

parties, to include the vehicle smelling of marijuana and burnt fentanyl residue. Further, the parties indicated that they were on their way to the Hampton Inn, in Coeur d'Alene, to pick up their children, but the trooper observed that following the stop, the parties exited the area in route back to the freeway, a direction opposite of where the Hampton Inn was located. Mr. Vera consented to a search of his cellular telephone, his person and his vehicle.

During the search, law enforcement located approximately $4,000 on his person, which the parties provided conflicting stories on as to how the funds had been obtained. Mr. Vera also initially denied being on any form of parole, but later admitted to being on federal probation. A search of Mr. Vera's cellular telephone revealed text messages between the subject and others that appeared to describe drug transactions. Mr. Vera admitted to the trooper that he does on occasion buy and sell marijuana, a statement that he later denied making when speaking with the undersigned officer. It should be noted that the trooper specifically indicated that Mr. Vera's admission of both acquiring and selling marijuana was captured on his body camera. The parties were subsequently released from the stop by the trooper, after the search failed to return evidence that would have constituted a new law violation.

On June 16, 2026, Mr. Vera was contacted by the undersigned officer at his apartment complex in Spokane. Mr. Vera was confronted as to his presence in Idaho, and his failure to seek permission for out of district travel. Mr. Vera initially indicated that they had traveled into Idaho to get gas, and had only just breached the border. Mr. Vera was reminded that they were contacted by law enforcement in Coeur d'Alene, a location well into Idaho. Mr. Vera then stated that they were traveling to pick up their family at the Hampton Inn. Mr. Vera was then confronted on not traveling to the Hampton Inn after the stop as reported by law enforcement. Mr. Vera responded that after the stop by law enforcement, they were so nervous, that they returned home. Mr. Vera also provided a different statement as to why he had nearly $4,000.00 on his person. At no time did Mr. Vera seek permission from the U.S. Probation Office to travel into the District of Idaho.

4      **Standard Condition #9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Supporting Evidence**: Mr. Vera is alleged to have violated standard condition number 9, by failing to report his contact with law enforcement occurring on June 9, 2026, as reported by the Idaho State Patrol.

On June 9, 2026, the undersigned officer was contacted by a trooper with the Idaho State Patrol, who indicated that they had just conducted a stop on a vehicle registered to Mr. Vera, that contained both Mr. Vera as the passenger, and his significant other who was driving. It should be noted that Mr. Vera had not previously reported the vehicle in question to the U.S. Probation Office. The trooper described the stop as having occurred in the area of Northwest Boulevard and Seltice Way, in Coeur d'Alene, Idaho. The trooper further identified many concerning circumstances occurring during his contact with the parties, to include the vehicle smelling of marijuana and burnt fentanyl residue.

A subsequently executed search of Mr. Vera's person, vehicle and cellular device by the trooper did not reveal evidence sufficient for the trooper to take further action, and therefore the parties were released from the contact.

Prob12C

**Re: Vera, Ramiro**
**June 18, 2026**
**Page 3**

On June 16, 2026, Mr. Vera was contacted at his apartment complex by the undersigned officer. During the contact, Mr. Vera was questioned as to his contact with the Idaho State Patrol on June 9, 2026. Mr. Vera initially responded that he had not reported the law enforcement contact as he had not been driving the vehicle. Mr. Vera was reminded that he was to report any law enforcement contact within 72 hours, as required by his conditions. Mr. Vera then stated that he had intended to notify this officer of the contact tomorrow (June 17, 2026), following his next scheduled state court hearing.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     June 18, 2026

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Edward F. Shea

Signature of Judicial Officer

June 25, 2026

Date